FILED

2016 AUG 31  AM 11: 30

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ETHAN A. HOLMES, for himself and on
behalf of those similarly situated,

              Plaintiff,

v.                                        Case Number:

SWISSPORT FUELING, INC.
a Delaware Corporation,
SWISSPORT SA FUEL SERVICES, LLC,
a Delaware Limited Liability Company,

              Defendants.

2:16-CV-669-FtM-38MRM

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ETHAN A. HOLMES ("Plaintiff"), by and through his undersigned counsel, and files this lawsuit against the Defendants, SWISSPORT FUELING, INC. and SWISSPORT SA FUEL SERVICES, LLC (collectively referred to as the "Defendants"), on behalf of himself and all others similarly situated, pursuant to §216(b) of the Fair Labor Standards Act ("FLSA"), and in support thereof, would further state as follows:

### INTRODUCTION

1.     The instant action arises from the Defendants' violations of Plaintiff's rights under the FLSA, 29 U.S.C. §201, et seq., and specifically the collective action provision of the Act found at §216(b), to remedy wide-spread and pervasive violations of the wage provisions of the FLSA by Defendants which have deprived the named Plaintiff, as well as others similarly situated to the named Plaintiff, of their lawful wages.

2.     Other current and former employees of Defendants are also entitled to receive unpaid overtime compensation for the reasons alleged in this Complaint. The Plaintiff is

MIKE FINK LAW FIRM, P. A.
2029 Bayside Parkway, Fort Myers, Florida 33901 / Phone 239.939.1906 / Fax 239.939.1915 / E-mail MFink@MikeFinkLaw.net

1

permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. §216(b). Any similarly situated employee wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court in order to toll the running of the statute of limitations. 29 U.S.C. §216(b).

3. That the signed consent of the Plaintiff, on his own behalf, to become a party Plaintiff and Representative Plaintiff on behalf of the collective class members as defined in this action, is attached hereto and made a part hereof as **Exhibit "A"**.

4. That this action is brought to recover unpaid overtime compensation owed to the Plaintiff and all current and former employees of the Defendants, jointly and severally, who are similarly situated to the Plaintiff pursuant to §16(b) of the FLSA.

5. That Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid compensation, an equal amount of liquidated damages, attorney fees and costs pursuant to 29 U.S.C. §216(b), as well as all other relief to which they are entitled in law or equity.

## PARTIES

6. That at all times material to this action, Plaintiff was and is a resident of Lehigh Acres, Lee County, Florida.

7. That at all times material to this action, Defendant, SWISSPORT FUELING, INC. was and is a Delaware Corporation authorized and doing business in the State of Florida.

8. That at all times material to this action, Defendant, SWISSPORT SA FUEL SERVICES, LLC was and is a Delaware Limited Liability Company authorized and doing business in the State of Florida.

MIKE FINK LAW FIRM, P. A.
2029 Bayside Parkway, Fort Myers, Florida 33901 / Phone 239.939.1906 / Fax 239.939.1915 / E-mail MFink@MikeFinkLaw.net

2

## JURISDICTION AND VENUE

9. That this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C §1331, 28 U.S.C. §2201-02, and 28 U.S.C. §1367.

10. That Venue is proper in the Middle District of Florida, Fort Myers Division, under 28 U.S.C. §1391(b)-(c).

11. That the Plaintiff is a resident of Lee County, Florida.

12. That the Defendants are conducting business in Lee County, Florida, and subject to personal jurisdiction in the State of Florida for the purpose of this lawsuit.

13. That the Plaintiff is a covered employee under the FLSA.

14. That the Defendants are covered businesses under the FLSA.

## VIOLATION OF FLSA – UNPAID OVERTIME WAGES

15. That at all times material to this action, the Defendants have operated and continue to operate aircraft fueling service businesses at major airports throughout the United States, including the State of Florida, employing thousands of employees who are categorized as "fuelers."

16. That beginning on or about November 23, 2012 to present, the Defendants, SWISSPORT FUELING, INC. and SWISSPORT SA FUEL SERVICES, LLC, both, jointly and severally, employed the Plaintiff as an aircraft fueler for Defendants' operations located at Southwest Florida International Airport.

17. That Defendants provided Plaintiff and all other fuelers with an Employee Handbook effective January 2010 (last revised December 2009) under the name of "Swissport Fueling, Inc." and also provided Plaintiff and all other fuelers with an Identification Badge under the name of "Swissport SA Fuel Services."

MIKE FINK LAW FIRM, P. A.
2029 Bayside Parkway, Fort Myers, Florida 33901 / Phone 239.939.1906 / Fax 239.939.1915 / E-mail MFink@MikeFinkLaw.net

3

18. That a true and correct copy of the Employee Handbook effective January 2010 (last revised December 2009) under the name of "Swissport Fueling, Inc." is attached hereto and made a part hereof as **Exhibit "B"**.

19. That a true and correct copy of Plaintiff's Identification Card under the name of "Swissport SA Fuel Services." is attached hereto and made a part hereof as **Exhibit "C"**.

20. That a true and correct copy of Plaintiff's payroll records are attached hereto and made a part hereof as **Composite Exhibit "D"**.

21. That the Plaintiff's claims herein are typical and representative of all of the fuelers employed by the Defendants.

22. That the Defendants have treated the Plaintiff and all other fuelers employed by the Defendants throughout the State of Florida and the United States in the same manner and violated their FLSA rights in the same manner as set forth below.

23. That all fuelers employed by the Defendants, currently and former fuelers for the three (3) years prior to the filing of this Complaint are members of the collective class in this action (hereinafter referred to as "Class Members") because they are similarly situated and have suffered the same violations of their FLSA rights to overtime compensation at the hands of the Defendants.

24. That from the Plaintiff's date of hire on November 23, 2012 to present, the Defendants have scheduled Plaintiff and the Class Members for workweeks consisting of forty-two and one-half (42.5) hours.

25. That from the Plaintiff's date of hire on November 23, 2012 to present, Defendants have scheduled Plaintiff and the Class Members for workweeks consisting of five workdays per week at 8.5 hours per workday.

MIKE FINK LAW FIRM, P. A.
2029 Bayside Parkway, Fort Myers, Florida 33901 / Phone 239.939.1906 / Fax 239.939.1915 / E-mail MFink@MikeFinkLaw.net

4

26. That from the Plaintiff's date of hire on November 23, 2012 to present, Defendants have failed and refused to provide the Plaintiff and the Class Members any breaks or scheduled meal periods when they are not required to be actively working or standing by to provide aircraft fueling services on behalf of Defendants.

27. That Defendants' employee handbook does not provide for any breaks or meal periods when the Plaintiff and the Class Members are not "on-the-clock," and there exist no written or unwritten policies of the Defendants providing the Plaintiff and the Class Members with any breaks or meal periods "off-the-clock."

28. That Defendants require the Plaintiff and the Class Members to remain on "standby" throughout their entire 8.5 hour daily shifts and are otherwise required to provide fueling services continuously for the entire 8.5 hours of their daily shifts, preventing any breaks or meal periods.

29. That Defendants have at all times material hereto, intentionally managed fueler staffing levels to ensure that the Plaintiff and the Class Members work continuously providing aircraft fueling services during their entire workday hourly shifts of 8.5 hours without providing for breaks or meal periods "off-the-clock."

30. That Defendants have at all times material hereto, intentionally managed fueler staffing levels to ensure that the Plaintiff and the Class Members work continuously providing aircraft fueling services during their entire workday hourly shifts of 8.5 hours without providing for the scheduling or staffing of fuelers for the purpose of relieving other fuelers, including the Plaintiff and the Class Members, so that they can reasonably take breaks or meal periods "off-the-clock."

MIKE FINK LAW FIRM, P. A.
2029 Bayside Parkway, Fort Myers, Florida 33901 / Phone 239.939.1906 / Fax 239.939.1915 / E-mail MFink@MikeFinkLaw.net

5

31. That at all times material hereto, Defendants have had policy of scheduling all fuelers, including the Plaintiff and the Class Members, for workweeks of 42.5 hours per week without providing any breaks or meal periods.

32. That at all times material hereto, Defendants have implemented and continue to follow a policy of "auto-deducting" 2.5 hours per workweek from the timesheet of each and every fueler within their employ, including the Plaintiff and the Class Members, before issuing payment for wages.

33. That the Defendants' policy of refusing to pay overtime wages illegally requires all fuelers, including the Plaintiff and the Class Members, to work 2.5 overtime hours per workweek without compensation ("for free") since the Defendants do not pay the fuelers their regular hourly rate or their overtime hourly rate (1 ½ times their regular hourly rate) for the 2.5 overtime hours all fuelers are required to work per workweek.

34. That Defendants' policy of scheduling the fuelers, including the Plaintiff and the Class Members, for a workweek of 42.5 hours without any breaks or meal periods, without any provision for additional fuelers necessary to provide any breaks or meal periods, without any policy or rules requiring fuelers to take breaks or meal periods away from their work or "off-the-clock" evidences the Defendants' intentional and willful "cost engineering" of the fuelers' work schedules which are cleverly designed and intended to provide the Defendants 2.5 hours of extra, unpaid work from each and every fueler for each and every workweek worked.

35. That the Plaintiff brings this action to recover unpaid overtime wages owed to him by Defendants, as well as the unpaid overtime wages owed by Defendant to all current and former fuelers for the three (3) years prior to the filing of this Complaint. (Class Members).

MIKE FINK LAW FIRM, P. A.
2029 Bayside Parkway, Fort Myers, Florida 33901 / Phone 239.939.1906 / Fax 239.939.1915 / E-mail MFink@MikeFinkLaw.net

6

36.     That the Plaintiff and the Class Members are not otherwise exempt from the overtime wage payment requirements of the FLSA.

37.     By their actions alleged herein, each of the Defendants has willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations.

38.     That the Defendants' willful and intentional actions, both in the past and continuing, constitute a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by endeavoring to prevent the proper compensation of all fuelers, including the Plaintiff and the Class Members, in accordance with § 206 and § 207 of the FLSA.

39.     That as a result of the Defendants' violations of the FLSA, the Plaintiff and the Class Members have suffered damages in the form of unpaid overtime wages that all fuelers were required to be paid by the Defendants in accordance with § 206 and § 207 of the FLSA.

40.     That the Defendants have not made a good faith effort to comply with the FLSA with respect to its failure to properly compensate the Plaintiff and the Class Members.

41.     That as a result of the unlawful acts of the Defendants, the Plaintiff and the Class Members defined as all other "fuelers" employed by the Defendants for the past three (3) years preceding the filing of this action have been deprived of overtime compensation in an amount to be determined at trial, and the Plaintiff and the Class Members are entitled to recover their unpaid compensation plus an equal amount of liquidated damages as well as their attorneys fees and costs pursuant to 29 U.S.C. § 216(b) along with all other relief to which they are entitled in law or equity.

42.     That the Plaintiff has retained the undersigned attorney to represent the interests of the Plaintiff and the Class Members and has agreed to pay him a reasonable attorney fee for prosecuting this action.

MIKE FINK LAW FIRM, P. A.
2029 Bayside Parkway, Fort Myers, Florida 33901 / Phone 239.939.1906 / Fax 239.939.1915 / E-mail MFink@MikeFinkLaw.net

7

WHEREFORE, the Representative Plaintiff, individually, and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That, at the earliest possible time, the Plaintiff be authorized to provide notice of this action, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed as a "fueler" for the either Defendant and/or the Defendants. Such notice should inform them that this civil action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they believe they suffered any of the violations alleged herein;

B. That the Plaintiff and all other similarly situated persons be awarded damages in the amount of their respective unpaid overtime compensation, plus an equal amount of liquidated damages and/or prejudgment interest, reasonable attorneys' fees and the costs and expenses of this action against the Defendants, jointly and severally, and such other or further legal and/or equitable relief, including but not limited to, any injunctive and/or declaratory relief, which they may be entitled.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 31st day of August 2016.

MIKE FINK LAW FIRM, P.A.
*Attorney for Plaintiff*
2029 Bayside Parkway
Fort Myers, Florida 33901
Phone (239) 939-1906
Facsimile (239) 939-1915
E-mail: Eservice@MikeFinkLaw.net
Secondary: MFink@MikeFinkLaw.net

_____
MICHAEL G. FINK, ESQUIRE
Florida Bar Number: 0825743

MIKE FINK LAW FIRM, P. A.
2029 Bayside Parkway, Fort Myers, Florida 33901 / Phone 239.939.1906 / Fax 239.939.1915 / E-mail MFink@MikeFinkLaw.net

8