UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ETHAN A. HOLMES, for himself and on
behalf of those similarly situated,

      Plaintiff,

v.                                 Case No:  2:16-cv-669-FtM-38MRM

SWISSPORT FUELING, INC. and
SWISSPORT SA FUEL SERVICES, LLC,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

      Pending before the Court is the Notice of Filing Revised Proposed Notice (Doc. 74) filed

on October 2, 2017; the Motion Relating to the Distribution of the Court-Approved Notice of

Collective Action (Doc. 75) filed on October 2, 2017; the Objections to Plaintiff's Proposed

Notice and Proposed Consent to Joint (Doc. 76) filed on October 9, 2017; and the Response to

Plaintiff's Motion Relating to the Distribution of the Court-Approved Notice of Collective

Action (Doc. 77) filed on October 16, 2017.  These filings involve the issue of the appropriate

language to be used in the Notice of Collective Action Lawsuit ("Notice") and the Consent to

Become Opt-In Plaintiff Pursuant to 29 U.S.C. § 216(b) ("Consent"), as well as the appropriate

_____

      [1]  Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents
or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned
that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to
other websites, this Court does not endorse, recommend, approve, or guarantee any third parties
or the services or products they provide on their websites.  Likewise, the Court has no
agreements with any of these third parties or their websites.  The Court accepts no responsibility
for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to
work or directs the user to some other site does not affect the opinion of the Court.

method of distribution of the Notice and Consent.  (Docs. 74-77; Doc. 74-1; Doc. 74-2).  For the reasons set out herein, the Court respectfully recommends that the Notice of Filing Revised Proposed Notice (Doc. 74) and the Motion Relating to the Distribution of the Court-Approved Notice of Collective Action (Doc. 75) be granted in part.

I.    **Background**

Plaintiff Ethan A. Holmes, on behalf of himself and others similarly situated, filed this action against Swissport Fueling, Inc. and Swissport SA Fuel Services, LLC for unpaid regular and/or overtime wage compensation relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  (Doc. 60 at 1, 3-8).  In addition to Holmes, six (6) Opt-In Plaintiffs – Alderson, Buchanon, Diaz, Grant, Rodriguez, and Lady – consented to join this action.  (Docs. 28, 29, 30, 31, 39, 48).  On May 8, 2017, Holmes filed a Motion for Conditional Certification and Permission to Send Court-Supervised Notification Pursuant to 29 U.S.C. § 216(b) (Doc. 50).  In a September 19, 2017 Opinion and Order (Doc. 73), the presiding District Judge accepted and adopted the findings in the Report and Recommendation (Doc. 72), and granted in part and denied in part Plaintiff's Motion for Conditional Certification and Permission to Send Court-Supervised Notification.  (Doc. 73 at 2).  The Order provided the modified class definition as follows:

> All current and former aircraft fuelers employed by Swissport Fueling, Inc. or Swissport SA Fuel Services, LLC at the Southwest Florida International Airport in the past three (3) years, who were not paid for all hours actually worked as a result of either of the following two auto-deduction policies: (1) an auto-deduction that deducted thirty (30) minutes from every workday for meal breaks, but required the employee to work during this time period; and/or (2) an auto-deduction for rounding start and end times.

(*Id.*).  The Order also directed Plaintiff to file an amended proposed Notice and Consent consistent with the Order and the Report and Recommendation and allowed Defendants the

opportunity to file objections to the proposed Notice and Consent. Holmes complied by filing the Notice of Filing Revised Proposed Notice (Doc. 74) and Defendants complied by filing their Objections (Doc. 76).

Plaintiff seeks to have the Court approve the revised proposed Notice and Consent form as well as approve the methods of distribution of the Notice. (*See generally* Docs. 74 and 75). Defendants oppose much of the language in Plaintiff's proposed Notice and the Consent. (Doc. 76). Further, the parties disagree as to the appropriate method of distribution of the Notice. To resolve these issues, the Court turns first to the language of the Notice and Consent and then considers the methods of distribution for the Notice.

## II. Language of Notice and Consent

When permitting a party to send a notice concerning a collective action, a trial court "has a substantial interest in communications that are mailed for single actions involving multiple parties." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). By monitoring the preparation and distribution of a notice, "a court can ensure that it is timely, accurate, and informative." *Id.* at 172. Thus, the Court carefully considers the wording of Plaintiff's proposed Notice and Consent and addresses each of Defendants' objections in the order presented.[2]

---

[2] Defendants provided a redlined version of the Notice and Consent. (Doc. 76-1). This redlined version revises and deletes language in Plaintiff's proposed Notice and Consent in conjunction with some of the arguments raised in Defendants' Objection. (*See* Doc. 76; Doc. 76-1 at 2-6). However, Defendants' deletions and revisions go beyond the arguments raised in the Objection. (*Id.*). Thus, Defendants revise and delete some language from the Notice, but fail to articulate reasons for many such revisions and deletions. Accordingly, without a basis for these additional revisions and deletions, the Court addresses only the arguments raised by Defendants as to why certain language in the Notice and Consent should be revised or deleted.

A.      **Case Style**

Defendants assert that Plaintiff should drop the case style caption from the proposed Notice and Consent, arguing that the lack of case style appears more neutral, citing *Wajcman v. Hartman & Tyner, Inc.*, No. 07-61472-CIV, 2008 WL 203579, at *2 (S.D. Fla. Jan. 23, 2008) for this proposition.  (Doc. 76 at 2).  In *Wajcman*, plaintiffs brought a single claim for failure to pay minimum wages under the FLSA.  *Id.* at *1.  During the pendency of the case, the plaintiffs filed a motion to allow notice to be sent to prospective opt-in class members similarly situated to the plaintiffs.  *Id.*  The court held that the plaintiffs' motion was granted in part and allowed the notice to be sent as modified by the Court.  *Id.* at *2.  One such modification was the "dropping [of] the case style caption."  *Id.*  The court's only justification for removal of the case caption from the notice was that by dropping the case caption, the notice appeared more neutral on its face.  *Id.*

The court in *Wajcman* failed to support its reasoning with citation to authority.  *Id.* at 1-2. The Court finds that the non-binding decision in *Wajcman* to be unpersuasive, especially in light of the fact that the caption of the case notifies potential opt-in plaintiffs as to this specific lawsuit.  With this information in hand, the potential opt-in plaintiffs have accurate information that allows them the opportunity to investigate this specific lawsuit prior to deciding whether to opt-in or not.  Further, although not dispositive, the Court has reviewed many similar cases in this Division, and all of the court-approved notices contained the caption of the case.  *See, e.g.*, *Rosales v. El Michoacano*, Case No. 2:15-cv-711-38CM, Doc. 30 (M.D. Fla. Apr. 5, 2017); *Campbell v. Pinchers Beach Bar Grill, Inc.*, Case No. 2:15-cv-695-FtM-99MRM, Doc. 36 (M.D. Fla. Aug. 3, 2016); *Trentman v. RWL Commc'n, Inc.*, Case No. 2:15-cv-89-FtM-38CM, Doc. 24 (M.D. Fla. May 29, 2015); *Smith v. Cable Wiring Specialist, Inc.*, Case No. 2:14-cv-277-FtM-

29DNF, Doc. 24 (M.D. Fla. Oct. 31, 2014).  Thus, the Court recommends that the case caption remain in the Notice.

**B.     The "To" and "Re" Portions of the Notice**

Defendants argue that the "TO" and "RE" portions of the Proposed Notice are prejudicial to Defendants for the following reasons:  (1) they describe Plaintiff's claims without reference to Defendants' position; (2) they encompass the entire first page; (3) they are in all capital letters and bolded; (4) they assume that breaks must be meal breaks; and (5) they repeat the same language that is used repeatedly throughout the notice.  (Doc. 76 at 2).  Defendants request that the entire "TO" and "RE" portions be stricken.  (*Id.*).  The Court logically groups these issues and addresses them in turn.

**1.     Formatting Issues**

Defendants assert that the "TO" and "RE" portions of the Notice should not encompass the whole first page, should not be in bold, and should not be in capital letters.  (*Id.*).  Again, although not dispositive, it is telling that other cases have utilized this same type of formatting as is proposed in this case.  *Trentman v. RWL Commc'n, Inc.*, Case No. 2:15-cv-89-FtM-38CM, Doc. 24 (M.D. Fla. May 29, 2015); *Smith v. Cable Wiring Specialist, Inc.*, Case No. 2:14-cv-277-FtM-29DNF, Doc. 24 (M.D. Fla. Oct. 31, 2014).  The Court finds that Plaintiff's proposed formatting is acceptable and recommends that it be approved with no change.

**2.     Defendants' Statement of Their Position**

Defendants' assert that the "TO" and "RE" portions of the Notice fail to contain any reference to Defendants' positions.  (Doc. 76 at 2).  The Court notes that in much smaller type, Plaintiff has included the following statement:  "The Court has Made No Findings as to the Merits of the Case at this Time." (Doc. 74-1 at 1).  To equalize the font size, emphasis, and

typeface, the Court finds that the "RE" portion should contain the following language (using all capitalized letters and bold typeface) as the last sentence of that section: "**THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE CLAIMS OR DEFENSES OF THE PARTIES.**" Consequently, the Court recommends that the following language be stricken: "The Court has Made No Findings as to the Merits of the Case at this Time." (Doc. 74-1 at 1).

The Court also takes issue with the title of the Notice. Specifically, the title reads, "**NOTICE OF COLLECTIVE ACTION LAWSUIT**." (Doc. 74-1 at 1). The Court finds that "**NOTICE OF LAWSUIT**" would be more accurate and appropriate because the class is only conditionally certified at this time. Thus, the Court recommends that the title of the Notice be changed to "**NOTICE OF LAWSUIT**."

### 3. Assumes Breaks Are Meal Breaks and Assumes Auto-Deduction Policies in Place for Both Rounding and Meal Breaks

Defendants claim that the "TO" portion assumes that the breaks must be "meal" breaks and that there were auto-deduction policies in place for both rounding and breaks. (Doc. 76 at 2). The language in the "TO" portion is the class definition. Again, although not dispositive, similar language was used in notices in other cases. *See Trentman v. RWL Commc'n, Inc.*, Case No. 2:15-cv-89-FtM-38CM, Doc. 24 (M.D. Fla. May 29, 2015; *Smith v. Cable Wiring Specialist, Inc.*, Case No. 2:14-cv-277-FtM-29DNF, Doc. 24 (M.D. Fla. Oct. 31, 2014). This language accurately informs the potential opt-in plaintiffs of the conditions for joining the potential class. Further, with the recommendation to add the language mentioned above, the Court neutralizes any bias towards Plaintiff's position. Thus, the Court recommends no further changes to this section.

### 4. Repeated Language

Defendants argue that the language in the "TO" and "RE" sections of the Notice is repetitive of the language in other sections of the Notice. (Doc. 76 at 2). The Court addresses any repetitiveness in the later sections.

### C. "Purpose of This Notice" Section

Defendants assert that in the "Purpose of This Notice" section, Plaintiff's statement is repetitive of statements in preceding and following sections. (Doc. 76 at 2). Defendants request that this section be limited to informing putative op-in plaintiffs of the rights he or she may have in connection with this lawsuit. (*Id.*). The Court finds that this section informs the potential opt-in Plaintiff about the lawsuit, the claims, and why the recipient is receiving the Notice. (Doc. 74-1 at 2). Again, although not dispositive, similar language was used in the notices in other cases. *Trentman v. RWL Commc'n, Inc.*, Case No. 2:15-cv-89-FtM-38CM, Doc. 24 (M.D. Fla. May 29, 2015); *Smith v. Cable Wiring Specialist, Inc.*, Case No. 2:14-cv-277-FtM-29DNF, Doc. 24 (M.D. Fla. Oct. 31, 2014). The Court does not find this section repetitive of previous sections and recommends no changes to this section.

### D. "Description of the Lawsuit" Section

Defendants argue that the "Description of the Lawsuit" section is redundant, argumentative, and twice as long as Defendants' statement. (Doc. 76 at 3). Defendants claim that Plaintiff conflates the two Defendants, fails to address Defendants' position as to all of the claims, and fails to state Swissport SA's position that it is not an employer. (*Id.*). Defendants' request that the Description of Lawsuit section contain a neutral statement explaining the allegations of the lawsuit and a general statement of Defendants' position in response. (*Id.*).

The Court agrees with Defendants that the description of the lawsuit is lengthy and some of the detail unnecessary. However, the Court also finds that Defendants' proposed modifications result in a description that is too general. Further, the Court agrees that Defendants should have the opportunity to include language: (1) as to their position that Swissport SA is not an employer; and (2) that more fully states Defendants' position. Thus, the Court recommends the following "Description of the Lawsuit," finding that it provides sufficient allegations for the Notice:

> This lawsuit is brought by Ethan A. Holmes, who worked for Swissport as an aircraft fueler at the Southwest Florida International Airport. Mr. Holmes brings this lawsuit on behalf of himself and all other similarly-situated employees. Mr. Holmes asserts Swissport violated the FLSA by scheduling himself and all others similarly situated to work 42.5 hours per week, but was only compensated for 40 hours each week because he was subject to a thirty (30) minute auto-deduction for meal-breaks. Further, Mr. Holmes alleges that Swissport had a practice of "rounding" clock-in and clock-out times such that he was not credited for all time actually worked. As such, Mr. Holmes alleges that he has not been fully compensated and is owed for all overtime hours worked over forty (40) hours each week. Mr. Holmes is also seeking an additional amount of liquidated damages as well as payment of his attorneys' fees and costs as required by Section 16(b) of the FLSA.

> Defendants deny Mr. Holmes' allegations and assert several defenses. Further, Swissport Fueling, Inc. contends that it properly paid all Fuelers and that it complied with the provisions of the FLSA. Swissport SA Fuel Services, LLC asserts that it has no current or former employees in the proposed class and consequently it is not a proper Defendant.

> The Court has not made a determination yet on the merits of either party's claims or defenses in this case.

### E. "Persons Eligible to Participate in the Lawsuit" Section

Defendants assert that this section is unnecessary and should be stricken. (Doc. 76 at 3). Further, Defendants claim that this section groups Defendants together as if they were one entity. (*Id.*). Defendants also assert that the language that "the recipient is eligible to join the lawsuit, and the placement of this statement in the same sentence as the 'Court has permitted Plaintiff to

send this Notice'" suggests that the Court has found the recipient is eligible to join this lawsuit.

(*Id.*).  The Court finds that the language in the section is unclear and must be modified.

Accordingly, the Court recommends the following modified language be used:

> You are eligible to join this lawsuit if you worked for Swissport Fueling, Inc. and/or Swissport SA Fuel Services, LLC at the Southwest Florida International Airport as an Aircraft Fueler for any period of time from (Insert date 3 years prior to date of notice) to present, and you worked overtime hours (more than forty hours per week) for which you were not properly compensated.

### F.     "Your Choice to Participate in the Lawsuit and Your Legal Rights & Options" Section

Defendants state that in this section, Plaintiff reiterates his position and the reasons for filing suit.  (Doc. 76 at 3).  Defendants argue that this language is "unnecessary, cumulative, and prejudicial to Defendants."  (*Id.*).  Defendants contend that this section should inform the putative opt-in plaintiffs of their rights and responsibilities should they choose to join the action. (*Id.*).  Further, Defendants assert that the chart summarizes information already in the Proposed Notice.  (*Id.*).  Defendants also argue that the language in the chart presumes that the putative opt-in plaintiffs have legal rights under the allegations in this lawsuit and this presumption is misleading.  (*Id.*).  Finally, Defendants assert that the language that the consents to join must be "postmarked on or before" the deadline is incorrect.  (*Id.*).  Defendants contend that the consents must be *received* on or before the sixty (60) day deadline.  (*Id.*).

The Court finds that even though the language repeats the qualifications to join the suit, it is appropriate to repeat that language here for the recipient's ease of reference and for clarity. The Court also finds that even if the chart is repetitive, it clarifies and streamlines the presentation of the putative opt-in plaintiffs' rights and options.  Thus, the Court finds the chart helpful.  Finally, the Court does not find the language in the chart and the following language objectionable:  "However, you have a choice to assert your legal rights in this case."  (Doc. 74-1

at 3).  This language correctly advises that putative opt-in plaintiffs have a choice to opt in to assert their rights or not.

Defendants also assert that the Proposed Notice incorrectly "states that the consents to join must be 'postmarked on or before' the deadline."  (Doc. 76 at 4).  Defendants argue that the Consent Forms must be *received* on or before the deadline, which is sixty (60) days after the mailing date.  (*Id.*).  Defendants are correct that the Consent Form must be *received* by Plaintiff's counsel within sixty (60) days from the date of the Notice.  (*See* Doc. 72 at 26).  In addition, the Court notes that later in the Notice, Plaintiff states, "Again, the Consent Form **must be received** by Plaintiff's Counsel on or before (**insert deadline date**)."  (Doc. 74-1 at 4) (emphasis in original).  Thus, the Notice contains conflicting language and must be clarified.  Accordingly, the Court recommends that the language in the Notice be modified as follows:

> Your options are included in this Notice.  To opt-in, you must complete the Consent to Become Opt-In Plaintiff Form and forward it to the attorney designated in the Form and **it must be received** by Plaintiff's Counsel on or before (insert deadline date).

### G.     Language in the Consent

Defendants assert that the language in the Proposed Consent inappropriately refers to the named Plaintiff as the "representative Plaintiff."  (Doc. 76 at 4).  Defendants argue that this fact is not established and is under contention.  (*Id.*).  Defendants also assert that Plaintiff's counsel is using the Consent as an opportunity to obtain more business by requiring the putative opt-in plaintiffs to consent to allowing him to file a separate or related action against Defendants in the event that this action is decertified.  (*Id.*).  Finally, Defendants request that the Consent indicate the putative opt-in plaintiffs' potential responsibilities and further requests that the putative opt-in plaintiff be required to designate their positions and their dates of employment.  (*Id.*).

The Court finds that it is more accurate to refer to Ethan Holmes as the "named Plaintiff" in the Proposed Consent. Thus, the Court recommends this modification. The Court also finds appropriate the language that authorizes Plaintiff's counsel to file a separate lawsuit should this action be decertified. Further, the Notice clearly sets forth the rights and responsibilities for the putative opt-in plaintiffs and the Court finds no reason to reiterate them here. Finally, the Court recommends that the Consent be modified to require the additional information from the putative opt-plaintiff's, including their position and dates of employment.

Accordingly, the Court recommends that the Notice modify the term "representative Plaintiff" to "named Plaintiff" and add lines for the putative opt-in plaintiffs to indicate their position and their dates of employment in the Consent.

### H.    Issue on Distribution

In their Objection, Defendants raise arguments concerning distribution of the Notice and Consent. (Doc. 76 at 4-5). The Court addresses these arguments in the next section.

## III.    Distribution

Plaintiff seeks authorization on the method of distribution of the Notice of Collective Action and attached Consent. (Doc. 75 at 1). Defendants object to some of the proposed methods of distribution. (Doc. 77 at 2-4).

Plaintiff proposes that the Notice of Collective Action be distributed in English and Spanish as follows:

1) By First Class Mail, with a pre-addressed return envelopes to each potential class member;

2) By posting a copy of the Notice of Collective Action in a conspicuous location such as the break-room or the clock-in station at the Southwest Florida International Airport;

3) By emailing the Notice of Collective Action to the putative class members; and

4) By sending a postcard reminder notice, via U.S. Mail, and by email twenty-one (21) days prior to the deadline to opt-in to the lawsuit.

(Doc. 75 at 2, 3).  Defendants do not oppose the following:  (1) distribution of the Notice by First-Class Mail; (2) distribution of a reminder Notice by First-Class Mail; and (3) providing the Notice in Spanish and English.  However, Defendants oppose all of Plaintiff's other distribution requests.  (Doc. 77 at 2-4).  The Court addresses each of the contested issues.

### A.      Email

Defendants assert that Plaintiff failed to support his request to distribute the Notice and reminder by email.  (Doc. 77 at 3).  Courts have found email to be an appropriate and efficient method in addition to first class mail to deliver notice to putative class members.  *Williams v. Coventry Health Care of Fla., Inc.*, No. 616-CV-731ORL-41TBS, 2016 WL 7013530, at *2 (M.D. Fla. Oct. 4, 2016), *report and recommendation adopted*, No. 616-CV-731-ORL-41TBS, 2016 WL 6947354 (M.D. Fla. Nov. 28, 2016).  In this case, however, Plaintiff failed to support the need to send the Notice and reminder both by email and First Class Mail.  *Id.*  Absent support for this position, the Court finds that sending the Notice and reminder by First Class Mail is sufficient.

### B.      Posting Notice

Defendants argue that posting the Notice is premature.  (Doc. 77 at 2).  The Court agrees that the request to post the Notice at Defendants' business is premature.  *Harris v. Performance*

*Transp., LLC*, No. 8:14-CV-2913-T-23EAJ, 2015 WL 1257404, at *5 (M.D. Fla. Mar. 18, 2015).

"Generally, posting the notice at a defendant's business is permitted when a defendant provides an inadequate list of names to the plaintiff or has otherwise failed to cooperate in the litigation." *Id.* (citations omitted). At this point, the Court has no indication that Defendants will not cooperate.

### C. Reminder Notice

Finally, the parties agree to allow Plaintiff to send a reminder postcard by first class mail twenty-one (21) days prior to the deadline to opt-in. (Doc. 77 at 1-2). Even though Defendants agree, they complain that they have not yet seen a copy of this proposed reminder notice. (Doc. 76 at 4). The Court agrees that before Plaintiff sends any reminder Notice, the Court must approve it. Thus, the Court recommends that (1) Plaintiff be required to send to Defendants a copy of the proposed reminder Notice, (2) the parties be required to confer, and (3) Plaintiff be required to file a Motion to approve the proposed reminder Notice. Additionally, Plaintiff must also forward to Defendants a copy of the proposed form of envelopes Plaintiff intends to use to send the Notice and Consent to ensure that neither the reminder nor envelopes suggest judicial endorsement of the claim.

### IV. Conclusion

The Undersigned finds that the revised Notice and Consent must be revised once again. Further, the Undersigned finds that after approval, the Notice, Consent, and reminder may be distributed via First Class Mail.

**IT IS RESPECTFULLY RECOMMENDED:**

1) That the Notice of Filing Revised Proposed Notice (Doc. 74) be **GRANTED** in part. The Court further recommends that Plaintiff be required to prepare a revised Notice

of Lawsuit and Consent to Become Opt-In Plaintiff Pursuant to 29 U.S.C. § 216(b) consistent with the recommendations herein, confer with Defendants, and file the proposed Notice and proposed Consent by a date certain for the Court's final approval;

2) That Plaintiff be required to prepare the reminder notice, provide a copy of the reminder notice to Defendants, confer with Defendants, and file the proposed reminder for the Court's approval by a date certain;

3) That Plaintiff be required to forward a copy of the envelopes that will be used to send the Notice to Defendants by a date certain;

4) That the Motion Relating to the Distribution of the Court-Approved Notice of Collective Action (Doc. 75) be **GRANTED** in part and Plaintiff be required to send the Notice, Consent, and reminder via First Class Mail.

5) That Defendants produce to Plaintiff the names and last known addresses of all aircraft fuelers employed by Defendants at Southwest Florida International Airport within the past three (3) years from the date the Notice is mailed by a date certain;

6) That when the Court approves the Notice and Consent, Plaintiff be required to mail the Notice and Consent;

7) That Plaintiff file all Consents to Join with the Court promptly upon receipt; and

8) That the parties file an Amended Case Management Report addressing the remaining case management deadlines in the case.

Respectfully recommended in Chambers in Ft. Myers, Florida on December 5, 2017.

_____

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties